# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>    v.<br><br>JOSE DANIEL ALFONSO RAMOS,<br><br>                          Defendant. | Case No. 20-cr-02222-BAS<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br><br>**(ECF No. 42)** |

      The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

      In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Jose Daniel Alfonso Ramos files a Motion for Reduction of Sentence. (ECF No. 42.) The Court referred this Motion to Federal Defenders for an evaluation. (ECF No. 43.) Federal Defenders has now filed a status report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 45.)

At the time of sentencing, the Court calculated Defendant's criminal history points to be 11, resulting in a criminal history category of V: nine points for multiple prior convictions, plus two points because Defendant committed this offense while on probation to another court. (*See* Presentence Report ¶¶ 34–36, ECF No. 31.) Under the newly amended guidelines, the Court would have added only one point, resulting in only ten criminal history points. *See* U.S.S.G. § 4A1.1(e) (adding 1 point if the defendant receives 7 or more criminal history points). However, a criminal history category of V results if a defendant has either 10, 11, or 12 criminal history points. Thus, deducting one criminal history point would not have changed Defendant's criminal history category or his resulting guideline range.

Since the new guideline amendments do not change Defendant's guideline calculations and would not have resulted in a different sentence, Defendant's Motion for Reduction of Sentence (ECF No. 42) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 22, 2024**

Hon. Cynthia Bashant
United States District Judge